# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DIVISION OF WEST VIRGINIA
# (MARTINSBURG DIVISION)

|  |  |
|---|---|
| **UNITED STATES OF AMERICA, FOR THE USE AND BENEFIT OF:**<br><br>**KALKREUTH ROOFING & SHEET METAL, INC.,**<br>53-14th Street<br>Wheeling, WV 26003-0616<br><br>　　　　　　　Plaintiff,<br>　**v.**<br><br>**CONCIERGE BUSINESS SOLUTIONS, INC.**<br>1801 Austell Road<br>Marietta, GA 30008<br><br>**AND**<br><br>**AMERICAN ALTERNATIVE INSURANCE CORPORATION,**<br>555 College Road East – P.O. Box 5241<br>Princeton, NJ 08543<br><br>　　　　　　　Defendants. | ELECTRONICALLY FILED<br>4/15/2024<br>U.S. DISTRICT COURT<br>Northern District of WV<br><br>Case No. 3:24-cv-44 Groh |

## COMPLAINT FOR MONEY DAMAGES

This is an action pursuant to 40 U.S.C. §3131 et seq. (the "Miller Act") brought in the name of the United States of America, for the use and benefit of Kalkreuth Roofing and Sheet Metal, Inc. against the Defendants, Concierge Business Solutions, Inc. and American Alternative Insurance Corporation, to recover money damages incurred by the Plaintiff on a federally-owned project for construction under prime contract no. 36C24522C0104 for a construction project generally described as "Renovate/Expand Domiciliary POD C and Replace Air Handling Units" owned by the Department of Veterans Affairs and located on VA's Martinsburg Medical Center Campus in Martinsburg, West Virginia (the "Project").

In support of its Complaint, Plaintiff avers with the intention of relating back to the initial filing date, as follows:

## PARTIES

1. Plaintiff Kalkreuth Roofing & Sheet Metal, Inc. ("Kalkreuth" or "Plaintiff") is a corporation organized, existing, and in good standing under the laws of West Virginia, with its principal place of business in West Virginia. Kalkreuth's office within the State of West Virginia is located at 53-14th Street, Wheeling, WV 26003-0616.

2. Upon information and belief, Defendant Concierge Business Solutions, Inc. ("Concierge") is a corporation formed and existing under the laws of the State of Georgia with principal offices located at 1801 Austell Road SW, Marietta, GA 30008-4363.

3. Upon information and belief, American Alternative Insurance Corporation ("AAIC") is a commercial surety corporation formed and existing under the laws of the State of Delaware with principal offices located at 555 College Road East – P.O. Box 5241, Princeton, NJ 08543.

2

## JURISDICTION AND VENUE

4. Plaintiff incorporates by reference all the preceding paragraphs of this Complaint as though fully rewritten herein.

5. Venue is proper and mandatory in this judicial district pursuant to §3133(b)((3) of the Miller Act because the federal contract for the Project that is the subject of this action was performed in Martinsburg, West Virginia, which is within this judicial District.

6. Personal jurisdiction over the Defendants is conferred by the Miller Act because Concierge contracted with the United States of America, acting through the Department of Veterans Affairs (the "Government") for the construction of the Project pursuant to the VA's contract no. 36C24522C0104 (the "Prime Contract").

7. Personal jurisdiction over Defendant AAIC is conferred by the Miller Act because AAIC, as surety, issued a payment bond No. 00036943 (the "Payment Bond") in connection with Concierge's contract with the Government for the Project. A true copy of the Payment Bond is attached hereto as Exhibit 1.

8. Subject matter jurisdiction is conferred by the Miller Act because the Miller Act requires that any action or suit on the Payment Bond be brought in the United States District Court for any district in which the work on the Project was to be performed and executed, and not elsewhere. 40 U.S.C. §3133.

9. This action is timely filed as Kalkreuth (either directly or through its subcontractors) worked on the Project through and inclusive of at least April 20, 2023.

## FACTS COMMON TO ALL COUNTS

10. Plaintiff incorporates by reference all the preceding paragraphs of this Complaint as though fully rewritten herein.

3

11. This is an action by Kalkreuth against the Defendants to recover money damages for breach of a Subcontract Agreement dated October 21, 2022 by and between Concierge as "contractor", and Kalkreuth as "subcontractor" for roofing work, including the supply of labor and materials related thereto, for and about the Project and in connection with Concierge's performance of the Prime Contract.

12. All of Kalkreuth's claims against the Defendants arise from or relate to Kalkreuth's work under the Subcontract as a roofing contractor and material supplier on the Project.

13. The initial value of the Subcontract with Concierge for the Project was $203,474.00.

14. The value of the Subcontract was increased by the total amount of $ 26,740.00 pursuant to changes in the Subcontract scope directed and authorized by Concierge.

15. The total revised value of the Subcontract is therefore $230,214.00.

16. As of the date hereof, Kalkreuth has provided labor, materials and equipment having a value of at least $147,600.00 per Kalkreuth's approved billings.

17. Kalkreuth has only received payments totaling $20,000.00, and $127,600.00 (which includes a "retainage" balance of $14,760.00) is earned, past-due and unpaid.

18. Kalkreuth has satisfied all conditions precedent to payment under the Subcontract and the Miller Act to receive payment as aforesaid, but despite proper performance of the work and satisfaction of any other conditions upon which payment could be contingent, more than ninety days have passed since Kalkreuth's last day of work on the Project.

19. Moreover, despite having no statutory obligation to do so, pursuant to a letter dated September 21, 2023, from Kalkreuth's counsel, addressed to Concierge and AAIC entitled "Notice of Non-Payment and Request for Payment Bond," Kalkreuth made demand upon Concierge and AAIC for immediate payment of all amounts due and unpaid under the Subcontract.

20. Currently, Concierge owes Kalkreuth an amount of at least $127,600.00 based upon progress billings to be proven at trial, plus interest (including but not limited to interest under the federal Prompt Payment Act applicable to construction contracts as set forth in FAR Regulation 52.232-27 ("Prompt Payment for Construction Contracts") and/or 31 U.S.C. § 3901 *et seq.* (the "Prompt Payment Act"), which represents the balance due Kalkreuth for its work under the Subcontract.

21. In connection with the Project, Concierge as Principal, and AAIC as Surety, furnished to the Government a "Miller Act" payment bond in the form attached hereto as Exhibit 1, pursuant to which Concierge as Principal and AAIC as surety, are bound jointly and severally to pay any and all unpaid amounts due to any person having a direct relationship with Concierge and anyone in privity therewith for furnishing labor, material, or both in connection with the Project up to the stated penal sum.

## COUNT I

### Breach of Subcontract
### As to Concierge

22. Kalkreuth incorporates by reference all the preceding paragraphs of this Complaint as though fully rewritten herein.

23. Concierge and Kalkreuth are parties to the Subcontract, which as amended, has a revised value of $230,214.00.

24. As of the date hereof, Kalkreuth has provided labor, materials and equipment having a value of at least $147,600.00 per Kalkreuth's approved billings.

25. Kalkreuth has only received payments totaling $20,000.00, and $127,600.00 (which includes a "retainage" balance of $14,760.00) is earned, past-due and unpaid.

26. Kalkreuth substantially performed its obligations under the Subcontract required of it prior to suspension of the Project, including all conditions precedent to payment.

27. The failure of Concierge to timely make full and complete payment to Kalkreuth for all amounts earned and properly invoiced constitutes a breach of its obligations under the Subcontract for which Kalkreuth has and continues to suffer damages of not less than $127,600.00, together with accrued and accruing interest (including, but not limited to, interest under the FAR and/or Prompt Payment Act) and attorneys' fees.

## COUNT II

### Unjust Enrichment Claim
### As to Concierge

28. Plaintiff incorporates by reference all the preceding paragraphs of this Complaint as though fully rewritten herein.

29. Should it be determined that Kalkreuth's Subcontract with Concierge is void, unenforceable, and/or inapplicable to the claims alleged in this lawsuit, Kalkreuth asserts an unjust enrichment claim against Concierge as an alternate theory of liability.

30. Concierge has benefitted from and been unjustly enriched by virtue of Kalkreuth's aforesaid performance of the work and the supply of materials to the Project, for which Concierge has failed and refused to pay Kalkreuth.

31. Concierge knew of and accepted the benefit of Kalkreuth's performance without objection.

32. Kalkreuth's furnishing of labor, services, and/or materials at increased cost to Kalkreuth was not gratuitous.

33. Concierge received the benefit at the expense of and to the detriment of Kalkreuth.

34. Accordingly, Kalkreuth is entitled to recover a sum of not less than $127,600.00, together with accrued and accruing interest (including, but not limited to, interest under the FAR and/or Prompt Payment Act) and attorneys' fees.

## COUNT III

### Miller Act Claim on Payment Bond
### (Concierge and AAIC)

35. Plaintiff incorporates by reference all the preceding paragraphs of this Complaint as though fully rewritten herein.

36. In accordance with the Miller Act, the United States of America brings this claim for the use and benefit of Kalkreuth in accordance with 40 U.S.C. § 3131 *et seq.* (the "Miller Act").

37. Kalkreuth has a direct contractual relationship with Concierge for the supply of labor, materials and equipment for the Project and in connection with Concierge's performance of the Prime Contract.

38. In accordance with the provisions of the Miller Act, Concierge and AAIC furnished the Payment Bond for the benefit of claimants such as Kalkreuth who, after the passing of ninety days since its last day of work on the Project, are entitled to be paid in full for work properly performed and for materials and equipment supplied.

39. Kalkreuth supplied labor and material in connection with the prosecution of a portion of the work on the Project which is reasonably valued at $147,600.00, for which it has not been paid in full, and the sum of not less than $127,600.00 remains past-due and unpaid.

40. Kalkreuth performed and supplied the last of the aforesaid labor and material more than ninety (90) days before the filing of this action.

41. Kalkreuth provided timely notice of its claim against the Payment Bond.

42. Accordingly, Kalkreuth is entitled to recover a sum of not less than $127,600.00 under the Payment Bond, and jointly and severally from Concierge and AAIC, together with accrued and accruing interest (including, but not limited to, interest under the FAR and/or Prompt Payment Act) and attorneys' fees.

**WHEREFORE**, Kalkreuth demands and prays for:

1. The entry of a money judgment against Concierge Business Solutions, Inc. severally under Counts I and in the alternative, Count II, in the principal sum of not less than $127,600.00, together with accrued and accruing interest (including, but not limited to, interest under the FAR and/or Prompt Payment Act), attorneys' fees and costs of this action; and

2. The entry of a money judgment against Concierge Business Solutions, Inc. and American Alternative Insurance Company, jointly and severally under Count III in the principal sum of not less than $127,600.00, together with accrued and accruing interest (including, but not limited to, interest under the FAR and/or Prompt Payment Act), attorneys' fees and costs of this action; and

3. Such other legal and equitable relief against Defendants that the Court deems just and proper.

Respectfully submitted,

**KALKREUTH ROOFING & SHEET METAL, INC.,**
By Counsel

*/s/ Denise D. Pentino*
Denise D. Pentino, Esq. (WV State Bar # 6620)
Jacob N. Holden, Esq. (WV State Bar # 13552)
Dinsmore & Shohl, LLP
Bennett Square
2100 Market Street
Wheeling, WV 26003
Phone: 304-230-1700
Fax: 304-230-1610

Howard S. Stevens (*pro hac vice motion to be filed*)
Meighan G. Burton (*pro hac vice motion to be filed*)

PASCALE STEVENS, LLC
2700 Lighthouse Point East, Suite 500
Baltimore, Maryland 21224
Phone: 443.863.5748
Fax: 443.863.5751

***Counsel for Use Plaintiff Kalkreuth Roofing & Sheet Metal, Inc., by and through The United States of America***